This is People v. Bush with Burr. Thank you, Your Honor. Counsel, before we proceed, I want to explain that Justice Goldenhurst is not able to be here today. He will read the briefs and listen to all arguments participating in the decision. You may proceed, Counsel. Thank you, Your Honor. May it please the Court, my name is Robert Burr. I'm with the Office of the State Appellate Defender. I represent the defendant, Nathan Bush. He's convicted of two counts of possession of methamphetamine type of stuff. One count is for a precursor and the other count is for manufacturing materials. We're asking this Court to send this back to the Circuit Court to vacate one of those convictions and sentences. We don't know which one. They're both the same level of offense, same sentence, same mental state. So we'll leave it up to the Circuit Court to decide which one. Let me ask a question right off the bat, Mr. Burr. I haven't had a chance to look at the actual charges. The one charge is possession of precursor pseudoephedrine. Yes. And the other charge alleges possession of methamphetamine manufacturing materials, and it lists some things. Yes. Does it list the pseudoephedrine in addition to the other items? I don't believe the charge does. I believe that the jury instruction does because the jury instruction is based upon the definition statute of materials. So we don't have him charged with possession of pseudoephedrine as a methamphetamine manufacturing material? That's correct. He's not charged that way. And I'm interested in what you had to say about whether that makes a difference. Go ahead. Well, Your Honor, I'm not so sure. I don't believe that it makes any difference in my argument. I think that the fact that the jury was instructed that they could find the pseudoephedrine was a methamphetamine manufacturing material creates a separate problem. They were instructed? Yes. In this case, the jury? They were instructed per the statutory definition of methamphetamine material. Now, the statutory definition of precursor would exclude that, but the statutory crime of the precursor would exclude that. But the statutory definition includes precursor. And the jury was instructed by the statutory definition, although I don't raise that issue. In other words, there is a definition, let's see, 720 ILCS 646-10-4 of methamphetamine manufacturing material, and it includes methamphetamine precursor. Yes. And so what you're saying is the jury was instructed both as to the definition of a methamphetamine manufacturing material and to the definition of methamphetamine precursor. Yes. And clearly in the statute, the definition of material does include precursor. Yes. Okay. But they were charged separately. Yes, Your Honor. Okay. Now, the reason that I didn't bother to get into that in my brief, you don't really get into whether something is a lesser offense or anything like that unless it's not one act. If it's one act, then you don't get into that next step. So I didn't get into that next step in my brief. Okay. So he possesses all this at the same time. Yes. And your argument is that he can only be convicted of one crime of possession out of that overall possession. Yes, Your Honor. That wouldn't be true if he had different controlled substances. That's correct, Your Honor, because of the statute. The statute for controlled substances says every controlled substance is a separate crime. Okay. On the other hand, it would be true of, say, possession of stolen property. In other words, if the police come in and they find this guy's got 200 items that are stolen, they can't charge him with 200 separate charges, each charge being based on one item. Would you agree with that? Yes, Your Honor. Now, although there was a decision in this court some number of years ago where a guy was in a mall and stealing something from every shop, but that was a situation where they knew that each item had been stolen separately and he had been caught, I believe, in the mall possession. Okay. All right. Go ahead with your argument. Thank you, Your Honor. Now, on this vacating one of them, the state begins its argument by saying that the defendant is asking this case be sent back for a resentencing. I'm not asking for a new sentencing hearing. I'm asking just to vacate one of the charges. And what's the practical purpose of that? The practical purpose? Yeah. Well, a lot of my clients end up down the road with federal conventions, in which case then on the federal sentencing guidelines, they look back, how many times have you been convicted? You've only been convicted once then. Okay. And I hope that he straightens his life up when he gets out of prison on Monday. Your Honor, he possessed two things that were in his pants, the smaller objects. The batteries were in his pocket. The Sudafed was in a baggie in his underwear. Then the two larger objects were in his immediate vicinity on the backseat, a bottle of heat and Walgreens cold packs. Now, the state says – when I was a kid, I used to watch the Ed Sullivan Show and the Jackie Gleason Show, and you'd sometimes see some kind of juggler who would have a long stick with a plate spinning on top of the stick and perhaps a rubber ball on top of the plate. Well, those are all different kinds of objects, but it's only one possession. Now, the state's argument is that they were two distinct kinds of things. I don't think that the kinds of things is any part of the analysis. Well, it would be if it was cocaine and another type of drug. Yes, it most certainly would because the legislature chose to put in the statute every possession of a controlled substance is a separate crime. Just like in the state's case, McCarter, every possession of a firearm is a separate crime. I believe McCarter might have possessed four or five firearms, and they cited the statute under which he was convicted, and that statute specifically says every one is a separate crime. And by the way, I'm old enough to remember that act and Topo Gigio. Ditto. Well, your Honor, you both look more youthful than me. You're good. Your argument persuades you. Well, really, that's the substance of my argument, Your Honor. It was a number of different types of things, but it was a single possession. It was a simultaneous possession of all four of them. Thank you, Your Honor. Thank you. Mr. Norris. Yes. Mr. Norris, I'm interested in what you had to say about my same question about whether the charge, the way it was charged, makes a difference. It does make a difference because it shows clearly the state's intent was to depend on notice that he's being charged with separate offenses. And the case that people cite in their brief is a case called McCarter, which involves firearms. But the principle is exactly the same. And the court notes that the danger to the public is increased by the additional firearms. And here the danger to the public is increased analogously by virtue of the thoroughness with which the defendant prepared himself to make another offense. Just to ask you the converse, then, let's suppose in this case that pseudoephedrine was included in both charges. Would you concede the argument? I don't know. Okay. Just wondering. I'm not really sure. That's not the case here. If the court wouldn't mind, I'd like to throw out an example from an entirely different context. I think it clarifies the logic of what's going on here. And I'm going to hold the Good Law University example. And what happens is Good Law University honors the one act, one crime principle. And what happens in this case is we've got a guy by the name of John Jones who's figured out that he can get hold of the final exam in two different courses and do well by having the professor's answers in front of him when he actually takes the exam. So we've got two different courses. And he goes in and he aces the exams in both courses. Down the road, he, of course, gets caught. And he is caught red-handed hiding the stolen exams in his locker. He's got them both. All right? And they decide to discipline him. The university decides to discipline him. And the university honors the one act, one crime principle. So the question is how many acts of cheating did he do? And I think the answer to that question answers this case. And my answer to that question is two. And I think that's really the gist of the argument. And the basis for it is, quite frankly, a question of ordinary language in which the law is couched. Possession is an English word. You can't just have a possession without a possession of something. And the thing possessed defines the nature of the possession. Now, that's not a legal fact. It's a grammatical fact about the language in which the law operates. So it's a more general principle than the principle that arises out of any specific case. This is such a focused issue that it lends itself to we do want to have hypotheticals. But let me ask you about theft by possession. You know, you go into somebody's house and you discover there's various things that conceitedly is all stolen property. Can the state charge about 200 charges, one for each item? I mean, of course, with theft, we have an issue of what's the value of the property. But, I mean, if the state chose to do so, could they charge a separate theft by possession charge for each item? I don't know if I have enough facts about the particular case to make a call on that. I'd really hesitate to answer that question directly just on the facts that are stated. I mean, there may be instances in which they could. But I don't know whether this one, whether the one you have in mind is or not. Okay. Anything else? I would ask you to look at that university example, because I think that settles the case one way or another. However you answer that, I think you have to answer this case the same way.  Mr. Berg? Thank you, Your Honor. The first thing that I want to mention is the opposing counsel in his brief and in his argument talks about how the defendant was put on notice that he was facing two counts of possession. I don't believe you can find a one act, one crime case where the defendant was not on notice that he was charged with all of these things. The fact that he was on notice means nothing. And I agree that the college student who possesses all of this stuff, that's one act of possession. The jury instruction that I was referring to is Peoples No. 15. It's on page 130 in the record. It begins, the term meth manufacturing material means any methamphetamine precursor and then on from there. Are there any other questions, Your Honor? Would you say that again, read that again? Yes, Your Honor. The term methamphetamine manufacturing material means any methamphetamine precursor. And that's page 130 in the record. It's the Peoples Instruction No. 15. And it goes on the list of other things. Yes, any substance containing a precursor, a reagent, a solvent, and on and on. Thank you, Your Honor. Thank you. I take the case under advice and amend the decision in due course.